and Caban, and I just note for the record that Mr. Patterson's case is also on submission. And I see we have Ms. Smith for Mr. Caban. Whenever you're ready, you can begin. I see you reserved two minutes for rebuttal. Yes, thank you, Your Honor. Robin Smith for Jose Caban. I'd like to just start a little discussion about the Pasteur argument. I spoke with Lucas Anderson yesterday, the attorney for Mr. Delegati, and he informed me that today they're filing a petition in the Supreme Court. So with the Court's permission, I would like to just focus on the other arguments because I'll be making a motion to hold those claims in abeyance, or I guess the whole appeal in abeyance based on the Supreme Court petition being filed in the Pasteur case. Okay. You can focus on the other arguments. Go ahead. Okay. Thank you. I'd like the Court to focus on the shooting on February 8, 2019. The evidence when viewed in the light most favorable to the prosecution was primarily from Mr. Jenkins, the cooperator who was facing a 40-year mandatory minimum sentence. And his testimony about the shooting, which was supposed to make out the crime of attempted murder, was that they went there to retaliate for another gang member being killed maybe an hour later. They couldn't do nothing because there was too many cops around. He said that the cops hopped out on him and then they got away. So this is the cooperator testifying about what someone else told him. He was not present. So the first layer is that the cooperator who's testifying about this alleged attempted murder is basing what he's saying on what intended victim, no intended specific victim. There's no testimony about anyone that they saw that they tried to shoot. I'm going right to the harmless error issue because the... Before we get to the harmless error issue, can you explain to me why, first with respect to the photographs, why there was any error at all? The government had approved a racketeering enterprise that involved narcotics trafficking and your client was a member of that enterprise, narcotics trafficking, violence, and the photographs are him holding cash with a caption that the cooperator testified meant trapping, meant drugs. So why can't the government offer evidence of drug trafficking when that's what they have to prove? It's highly inflammatory and appeals to the juror's emotions rather than a concrete evidence of drug trafficking like the testimony that they exchanged. The cooperator testified that part of their activities were drug trafficking and to show your client's involvement in that, the government put in a... We've said numerous times the government cited the cases that unexplained wealth is probative of racketeering including drug trafficking and here you have the caption as well. It wasn't just him holding cash. He had a caption related to drug trafficking according to the cooperator. So you say it's inflammatory but that's... Isn't that what the government has to prove? Yes, but it does lure the jury into declaring guilt on a ground different from the proof specific to the offense charged which is... I'm not sure I'm understanding that. I mean there was no other explanation for your client having such a large amount of cash. I mean the photograph displays him almost in a bragging kind of depiction which would be consistent with the drug trafficking allegation. I mean you've got to show that the... I mean this is an evidentiary ruling by the district court. You've got a burden here. How do you carry that burden? The... Mostly from the inflammatory nature. Also one aspect of this inference that the jurors can draw from unexplained wealth. It places an unfair burden on the defendant where the jurors can draw from. So there's a direct nature of that inference. And then with regard to... Isn't that always the case with respect to evidence that the government offers to draw an inference of X? If you don't want that inference, you can either argue that the inference is weak or you can put on contradictory evidence. I'm not sure that's enough to say that it's a burden shifting. But the government didn't offer for anything other than the inference it urged the jury to draw. Now you're saying that's inflammatory. Are you also saying that the evidence doesn't admit that inference? No, it's a fair inference. It's just that it's inflammatory and there is an argument that it shifts the burden to the defendant unfairly because then it compels him to have to answer. It's not direct. It's not direct evidence because the way the courts have ruled is that it's an inference of drug dealing. So it's not direct evidence. Can I ask you about the second evidentiary challenge you make? I have a hard time understanding why when a motorist volunteers information to a police officer on foot across a bridge, chase looking for a shooter, that that doesn't fall squarely within. The district court had two different grounds, excited utterance or present sense impression. Why does that not fit both of those? They are viable hearsay exceptions. However, Mr. Caban was denied his right to confrontation. The government did not provide the information about this motorist statement until 18 days before trial. So the defendant didn't have very much time to investigate, to corroborate, to dispute. Was there an objection or request for an adjournment so that there could be more time to explore that? I mean, that's a different issue. That's not really an evidentiary question. That's just a question of whether or not the lawyer had enough time to prepare, right? Yes. The Supreme Court has said it's not a confrontation cause problem. Excited utterances are firmly rooted, you know, historically. So if it falls within the excited utterance by definition, it's not a confrontation cause problem. So the issue you're raising is different, whether the lawyer was sandbagging essentially. So was there a request to adjourn? I don't believe so. But the defense attorney did file a separate motion to exclude that evidence. All right. Are there any further questions? I do have a question about your Pasteur argument. You're asking us to hold the appeal. I mean, cert hasn't been granted yet, right? No, it has not. Why should we hold the appeal? I mean, the Supreme Court may or may not grant cert. It may or may not hear argument this term. I mean, I'm not at all sure why we should hold. Even, you know, assuming we are bound by Pasteur and were to rule against you in that, you can petition for cert if you want to also join in any challenge to that. Or you may have may have a decision by the Supreme Court. It would be a lot more efficient. Namely, a denial of cert. You'll have to decide whether you have a different ground in this case. But why should we hold it? For efficiency's sake, Your Honor. How is it efficient to do that? I mean, this would languish on our calendar possibly for as long as a year without decision. Well, the other way the Court would be making a decision, taking the time to make a decision, and then The chances of a cert being granted are, of course, very small. I'm trying to imagine how many cases we would have to hold if the question were, Oh, by the way, somebody is in favor of a cert. I understand. There are a couple factors that make it more likely that, well, at least one, there is a split among the circuits in the Third Circuit. And the other is that the another white shoe law firm agreed to take the case. You'd be able to preserve your client's rights even if we move forward. You're not prejudiced by us moving forward, right? You're saying it would be more efficient, but we disagree with you. If we think it's more efficient for us, if we can, to decide cases, there's no prejudice to you or your client. I would just like to reserve the right to file the motion in writing, then, so I can have more time to think about my factors. Thank you. A motion. I'm sorry. A motion. To hold the appeal in abeyance in writing. To submit that to the Court. Disappeal. Disappeal? Yes. All right. We'll hear from the government. Good morning, Your Honors, and may it please the Court, my name is Justin Rodriguez. I represent the United States on this appeal, as I did before the District Court. Beginning with the Pastore issue. There's some I should know, but what's the status of the Patterson appeal? The Patterson appeal? Is that the question, Your Honor? Yeah. Mr. Patterson's counsel submitted an Anders brief, and I believe it is pending with this Court. Yes, Your Honor. I guess addressing the Pastore question first, I believe that this Court is correct that the Pastore decision forecloses Mr. Caban's 924C challenges at this time, and there's certainly no prejudice to Mr. Caban in the Court deciding the appeal and filing a cert petition or a petition for rehearing in his own case. There's no need for this Court to wait on a question of law that it's already ruled is settled in this circuit. Turning to the issue of... I just wanted to... There is another appeal. The government cited in your brief the assault with a dangerous weapon issue, but there's a count in there that's also attempted murder, where there's a 28-J letter saying Pastore controls. So they also have that issue before that, right? At the oral argument, the counsel conceded, as was done today, essentially, that Pastore controls, but that's another panel decision that's out there, right? That's correct, Judge. So I think neither this panel nor that panel has to reach that menacing question. In that case, the assault was a different count. Here, you had attempted murder on both counts, but in that case, one count was assault with a dangerous weapon. The other one was attempted murder. So I think that's what's going on in Jordan. I see, Your Honor. So nonetheless, I think this panel does not need to wait for Jordan, given that we have attempted murder as a predicate in both 924C counts of conviction, and of course, only one valid predicate is required. With respect to the evidentiary issue, with respect to the pictures of Mr. Kaban holding cash, the government submits that it is probative for all of the reasons that the panel has already touched on. As to the question of how inflammatory it was, I think this Court has to look at that question in the context of the full evidence in the trial. Mr. Kaban was charged with and ultimately convicted of two shootings, one of which he helped another member of his gang paralyze from the waist down a rival member of the gang, and the second shooting involved Mr. Kaban himself pulling the trigger on a crowded Bronx street at around 3 o'clock in the afternoon. But isn't the question of how prejudicial it was with respect to the drug charge? I think that is correct, Your Honor. I was taking a step even further back. I think it is hard to imagine that it is inflammatory within the full context of the trial, but even within the context of the drug charge, there is nothing about the evidence that would call upon the jury to make a decision based on anything other than the evidence. Mr. Kaban is holding large amounts of money. It is highly probative. It is prejudicial in the sense that it is very probative, but it is not unfairly prejudicial. And you did put in, I think, social media records also demonstrating his involvement at least sourcing a customer, right? That's correct, Your Honor. So in addition to these photographs, there were also messages sent by Mr. Kaban and received by Mr. Kaban in which he was referring drug customers and receiving the referral of drug customers from other members of the gang. And then finally, with respect to the motorist statement, just to address the question of the timing of the disclosure, this was included within the officer's Section 3500 material, which consistent with our office's practice was produced well in advance of trial, and there was no objection or request for an adjournment. I think that was one of the panel's questions. If I understand the objection, it's that the photograph, which was an item that you offered into evidence, wasn't disclosed as part of Rule 16, or did I misunderstand? I believe, Your Honor, may be confusing the two issues. So the photographs that were of Mr. Kaban holding the money, that was disclosed in the Rule 16 material. I think it was the hearsay question of the motorist statement that was disclosed with the testifying officer's 3500 material, which would have been, that sounds about right, 18 days or so in advance of trial, and that was confirmed. All right. Thank you. Ms. Smith, you have two minutes in rebuttal. I just want to emphasize that with regard to the shooting alleged in Count 1, there was no direct evidence that Mr. Kaban was the shooter, other than this hearsay upon hearsay that he went there and that there were gun shell casings were covered. There was very sketchy evidence that there was even an intended victim. So to have the Count 1 based upon attempted murder seems spurious to the defense. Are there any further questions? So on this issue, you would like to put in a letter on whether or not we should hold. I don't really think there's much more to say other than what you've said here. But I don't want to deprive you of an opportunity to put something in by the end of the day tomorrow if you want to do that. But I'm really not sure. There's a lot to say. Could it be Wednesday? Sure. By the end of the day Wednesday? Yes. Thank you. The government will give you 24 hours to respond to that if you'd like to. Thank you very much. We'll take the case under advisement. Have a good day.